UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERT JASPER GRIFFITH,
MARK CHRISTOPHER ROWE SETAL,
MELVIN ROBERT CARTER,

        Plaintiffs,
v.

INTEGRATED TECH GROUP, LLC,

        Defendant.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, ROBERT JASPER GRIFFITH, MARK CHRISTOPHER ROWE SETAL, and MELVIN ROBERT CARTER bring this action against Defendant, INTEGRATED TECH GROUP, LLC, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs ROBERT JASPER GRIFFITH, MARK CHRISTOPHER ROWE SETAL, and MELVIN ROBERT CARTER were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. At all times material hereto, Defendant, INTEGRATED TECH GROUP, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of fulfillment, construction and project management services to the cable and

1

telecommunications industries including, but not limited to, new customer installations, upgrades, service calls, dispatch and warehousing, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, vehicles, and paper

6. Plaintiff ROBERT JASPER GRIFFITH worked for Defendant as a technician.

7. Plaintiff MARK CHRISTOPHER ROWE SETAL worked for Defendant as a technician.

8. Plaintiff MELVIN ROBERT CARTER worked for Defendant as a technician.

9. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' correct regular hourly rates for the total hours Plaintiffs worked over 40 each week.

10. Defendants failed to pay Plaintiffs' full and proper minimum wages for hours Plaintiffs worked.

11. Defendants failed to pay Plaintiff ROBERT JASPER GRIFFITH's full and proper regular wages for hours that he worked.

12. Attached as Exhibit A, Exhibit B, and Exhibit C are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

13. Defendant has knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

14. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

16. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## PLAINTIFF ROBERT JASPER GRIFFITH

19. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

20. Plaintiff ROBERT JASPER GRIFFITH realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

21. Plaintiff entered into an oral contract for wages and Defendant failed to pay the amount he earned each week as reflected in Plaintiff's Statements of Claim.

22. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

23. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

24.     Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

4