UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61707-civ-Altman/Hunt

ROBERT JASPER GRIFFITH,
MARK CHRISTOPHER ROWE SETAL,
MELVIN ROBERT CARTER,
ARMANDO JESUS CANIZARES,

        Plaintiffs,

v.

INTEGRATED TECH GROUP, LLC,

        Defendant.

_____/

**AMENDED COMPLAINT**
*{Jury Trial Demanded}*

    Plaintiffs, ROBERT JASPER GRIFFITH, MARK CHRISTOPHER ROWE SETAL, MELVIN ROBERT CARTER, and ARMANDO JESUS CANIZARES bring this action against Defendant, INTEGRATED TECH GROUP, LLC, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiffs ROBERT JASPER GRIFFITH, MARK CHRISTOPHER ROWE SETAL, MELVIN ROBERT CARTER, and ARMANDO JESUS CANIZARES were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3.    At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4.    At all times material hereto, Defendant, INTEGRATED TECH GROUP, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in

1

the field of fulfillment, construction and project management services to the cable and telecommunications industries including, but not limited to, new customer installations, upgrades, service calls, dispatch and warehousing, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, vehicles, and paper

6. Plaintiff ROBERT JASPER GRIFFITH worked for Defendant as a technician.

7. Plaintiff MARK CHRISTOPHER ROWE SETAL worked for Defendant as a technician.

8. Plaintiff MELVIN ROBERT CARTER worked for Defendant as a technician.

9. Plaintiff ARMANDO JESUS CANIZARES worked for Defendant as a technician.

10. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' correct regular hourly rates for the total hours Plaintiffs worked over 40 each week.

11. Defendants failed to pay Plaintiffs' full and proper minimum wages for hours Plaintiffs worked.

12. Defendants failed to pay Plaintiff ROBERT JASPER GRIFFITH's full and proper regular wages for hours that he worked.

13. Attached as <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

14. Defendant has knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

15. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

17. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiffs seek recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## PLAINTIFF ROBERT JASPER GRIFFITH

20. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

21. Plaintiff ROBERT JASPER GRIFFITH realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

22. Plaintiff entered into an oral contract for wages and Defendant failed to pay the amount he earned each week as reflected in Plaintiff's Statements of Claim.

23. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

24. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

25. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

*[signature]*

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on August 20, 2019 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

| | |
|---|---|
| Elliot A. Kozolchyk, Esq.<br>Florida Bar No. 74791<br>KOZ LAW, P.A.<br>320 S.E. 9th Street<br>Fort Lauderdale, Florida 33316<br>Phone: (786) 924-9929<br>Fax: (786) 358-6071<br>Email: ekoz@kozlawfirm.com<br><br>*Attorney for Plaintiffs* | Sherril M. Colombo, Esq.<br>Florida Bar No. 948799<br>Email: scolombo@littler.com<br>Stefanie Mederos, Esq.<br>Florida Bar No. 12041<br>Email: smederos@littler.com<br>Christopher T. Perré, Esq.<br>Florida Bar No. 123902<br>E-mail: cperre@littler.com<br>LITTLER MENDELSON, P.C.<br>Wells Fargo Center<br>333 SE 2nd Avenue, Suite 2700<br>Miami, Florida 33131<br>305.400.7500 (Tel)<br>305.675.8497 (Fax)<br><br>*Attorneys for Defendant* |